UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIANNA B.,

                Plaintiff,

      v.                                   **DECISION AND ORDER**

                                              20-CV-6773S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

       1.     Plaintiff Brianna B.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act.  (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

       2.     Plaintiff protectively filed her applications with the Social Security Administration on August 31, 2017.  Plaintiff alleged disability beginning April 28, 1996 (her birthdate) and then amended the date to April 28, 2014 (her eighteenth birthday), due to ADHD, major depressive disorder, and mild autism.  Plaintiff's applications were denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

       3.     On November 18, 2019, ALJ John Costello held a hearing at which Plaintiff—represented by counsel—and Vocational Expert Coleman Cosgrove appeared

---

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

and testified.  (R.[2] at 80-113, 63.)  At the time of the hearing, Plaintiff was 23 years old with a high school education (R. at 73).  She had no past relevant work, although she worked part-time at an ice cream stand and as a cleaner (R. at 73-74).

4.      The ALJ considered the case *de novo* and, on December 13, 2019, issued a written decision denying Plaintiff's applications for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

5.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 13, 14.)  Plaintiff filed a response on February 23, 2022 (Docket No. 15), at which time this Court took the Motions under advisement without oral argument.  For the reasons that follow, Plaintiff's Motion is granted, and Defendant's Motion is denied.

6.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is

---

[2]Citations to the underlying administrative record are designated as "R."

[3]The ALJ's December 13, 2019, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.     "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

9.     The five-step process is as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical

or mental ability to do basic work activities.  If the claimant
suffers such an impairment, the third inquiry is whether, based
solely on medical evidence, the claimant has an impairment
which is listed in Appendix 1 of the regulations.  If the claimant
has such an impairment, the [Commissioner] will consider
[her] disabled without considering vocational factors such as
age, education, and work experience; the [Commissioner]
presumes that a claimant who is afflicted with a "listed"
impairment is unable to perform substantial gainful activity.
Assuming the claimant does not have a listed impairment, the
fourth inquiry is whether, despite the claimant's severe
impairment, [s]he has the residual functional capacity to
perform [her] past work.  Finally, if the claimant is unable to
perform [her] past work, the [Commissioner] then determines
whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10.    Although the claimant has the burden of proof on the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Yuckert, supra,

482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step

is divided into two parts.  First, the Commissioner must assess the claimant's job

qualifications by considering her physical ability, age, education, and work experience.

Second, the Commissioner must determine whether jobs exist in the national economy

that a person having the claimant's qualifications could perform.  See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460,

103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

11.    The ALJ analyzed Plaintiff's claim for benefits under the process set forth

above.  At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful

activity since April 28, 2014, her eighteenth birthday.  (R. at 73-74.)  At Step Two, the ALJ

found that Plaintiff has the following severe impairments:  ADHD, major depressive

disorder, and mild autism.  Id. at 66.  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.

12.    Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform full range of work at all exertional levels, but with nonexertional limitations that Plaintiff is limited to simple routine tasks, with occasional interaction with supervisors, coworkers, and the public, in a low stress work environment, defined as work involving occasional decision making (R. at 69).

13.    At Step Four, the ALJ found Plaintiff had no past relevant work.  (R. at 73.)  At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (R. at 73-74.)  Given her nonexertional limitations that compromised her ability to work at all exertional levels, the ALJ posed hypotheticals to the vocational expert to identify jobs that a claimant like Plaintiff in age, education, and work experience could be performed.  The expert opined that this claimant could be a hand packer or machine packer, examples of medium exertion work.  (R. at 73-74.)  Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 74.)

14.    Plaintiff appealed to the Appeals Council which upheld the ALJ's decision on August 12, 2020 (R. at 1).  The Appeals Council declined to consider additional vocational and medical records from ACCES-VR, finding that they did not show a reasonable probability that they would change the outcome of the ALJ's decision (R. at 2).

15.    Plaintiff argues that the Appeals Council inappropriately failed to consider the new and material evidence from ACCES-VR (Docket No. 13, Pl. Memo. at 16-19).

She next contends that the RFC determination is not supported by substantial evidence because the ALJ failed to find persuasive the opinions of Dr. Iustinian Rusu (R. at 17) and rehabilitation counselor Lucinda Trask of ACCES-VR (R. at 24-25, 73, 20) supported by medical treatment or vocational records (R. at 585, 591, 592, 461, 655-66, 592, 907, 974, 987, 990, 1001, 1006; Docket No. 13, Pl. Memo. at 19-23). For the reasons that follow, her argument on the Appeals Council's consideration of the new and material evidence is adopted.

16. After arguing that the ALJ had substantial evidence to support the RFC (Docket No. 14, Def. Memo. at 9-12), Defendant contends that the new evidence submitted to the Appeals Council did not merit remanding the case to the ALJ (id. at 13-19).

17. Furthermore, Defendant retorts that the Appeals Council did not need to give a detailed explanation or evaluation of the persuasiveness of the post-hearing opinions (id. at 20-22).

18. Plaintiff replies that Defendant cannot conclude that her new evidence would not change the result because the Appeals Council never addressed this evidence in detail (Docket No. 15, Pl. Reply Memo. at 2d unnumbered page). She calls Defendant's arguments post hoc rationalization for the Appeals Council's action (id. at 2d through 3d unnumbered pages), Mendez v. Comm'r, No. 17CV6824, 2019 WL 2482187, at *5 (W.D.N.Y. June 14, 2019) (Siragusa, J.).

19. As new evidence after the ALJ's hearing, Social Security regulations "expressly authorize a claimant to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision," and if the new evidence relates to

6

before the ALJ's decision, the Appeals Council shall evaluate the entire record, <u>Perez v. Chater</u>, 77 F.3d 41, 44 (2d Cir. 1996) (quoting regulation now found at 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5)) (<u>see</u> Docket No. 15, Pl. Reply Memo. at 1st unnumbered page).   Plaintiff bears the burden of showing that evidence was new, material, relates to the period on or before the hearing decision, and has a reasonable probability that it would change the outcome of the ALJ's decision, 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).   The issue is whether these additional medical and vocational records would change the ALJ's findings, <u>see</u> <u>Tirado v. Bowen</u>, 842 F.2d 595, 597 (2d Cir. 1988).  The Appeals Council considers new evidence only when it relates to the period before the ALJ's decision, 20 C.F.R. §§ 404.970(a)(5), 414.1470(a)(5).

20.    Although the Second Circuit may not have resolved whether the Appeals Council had to give good reasons for rejecting proffered new and material evidence (<u>see</u> Docket No. 14, Def. Memo. at 20), this Court has held that the Appeals Council "'must give reasons for the weight accorded to the opinion'" for consideration of the post-hearing material, <u>Kevin B. v. Comm'r</u>, No. 19CV844, 2021 WL 1102997, at *2 (W.D.N.Y. Feb. 9, 2021) (Geraci, C.J.) (quoting <u>Lalonde v. Comm'r</u>, No. 6:19CV6411, 2020 WL 5651611, at *3 (W.D.N.Y. Sept. 23, 2020) (Wolford, J.)), especially opinions of treating sources, <u>Wendy D. v. Comm'r</u>, No. 20CV6624, 2022 WL 765267, at *4 (W.D.N.Y. Mar. 14, 2022) (Skretny, J.) (remanding for Appeals Council's failure to apply treating physician rule to Dr. Rusu's opinion and not giving good reason for rejecting it).

21.    Included in the new and material evidence in this case is the opinion of Dr. Rusu.  The Appeals Council merely rendered its single line rejection of all the new evidence, including Dr. Rusu's, without further discussion.

22.     While the Appeals Council's standard of review of medical opinions may not be the same as the ALJ's, cf. Vallejo v. Berryhill, 849 F.3d 951, 95-56 (10th Cir. 2017) (Docket No. 14, Def. Memo. at 20-21), the Appeals Council needs to furnish reasons for its decision rather than the mere conclusion that proffered new and material evidence would not change the result.

23.     Here, the Appeals Council gives the generic rejection of the proffered new material finding that it does not show a reasonable probability that it would change the outcome (R. at 2).  This statement does not give this Court any basis to review this denial. The Appeals Council needs to give reasons for the conclusion that the new material would not change the result, see Lalonde, supra, 2020 WL 5651611, at *3.

24.     Remand to the Appeals Council is appropriate here for the Council's declaration of why the new material does not change the result.  While this remand is specifically for stating whether Dr. Rusu's opinions would change the result, the remand affords the Appeals Council the opportunity to state (with reason) whether the other ACCES-VR materials would change the ALJ's findings.

25.     Given the lack of the Appeals Council's reasoning, it is not appropriate for this Court to determine whether the new and material evidence (Dr. Rusu's opinions and ACCES-VR's evaluations) would change the ALJ's findings.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        July 21, 2022
              Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge